IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **Courtney Bice**<br><br>    Plaintiff,<br><br>v.<br><br>**Korens USA Inc.**<br><br>    Defendant. | Case No.:<br><br><br><br>**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.** |

# COMPLAINT

## JURISDICTION AND VENUE

1. This is a suit to obtain relief for retaliation under Title VII of the Civil Rights Act of 1964, as amended. The Plaintiff also seeks to recover for unlawful gender discrimination and sexual harassment by bringing claims under Title VII and under Alabama tort law.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(4), 28 U.S.C. § 1367, 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

3. Venue is proper in that the alleged acts occurred in Tallapoosa County,

Alabama.

## PARTIES

4. Plaintiff Courtney Bice ("Plaintiff") is a female resident of Tallapoosa County, Alabama who is over the age of 19.

5. Defendant Korens USA Inc. ("Defendant") is a foreign corporation with well over 1,000 employees and operating factories in the United States and internationally.

## ADMINISTRATIVE REMEDIES

6. On April 5, 2024, Courtney Bice filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging that while employed with the Defendant she experienced unlawful discrimination based on her gender in violation of Title VII. Additionally, shortly after complaining to Defendant about the unlawful discrimination she experienced based on her gender, Defendant retaliated against Plaintiff by relocating her to a department in which she was forced to perform manual labor and was exposed to the weather conditions.

7. On October 9, 2024, the EEOC issued a Notice of Right to Sue letter to Plaintiff. Please see Exhibit A.

## STATEMENT OF THE FACTS

8. In December of 2023, Plaintiff began working for Defendant at their

2

Alexander City, Alabama location as an Office Assistant.

9. She reported to Dong Hwan Choi ("Mr. Choi"), who is a supervisor.

10. She was hired to perform secretarial and administrative assistant work for Mr. Choi.

11. On or around Plaintiff's second day on the job, Mr. Choi began to sexually harass Plaintiff. He asked Plaintiff if she had any tattoos and asked her to show him her tattoos to which she refused.

12. Mr. Choi asked Plaintiff if she had any pictures of herself on social media and if he could have her social media information so that he could look at her pictures. Plaintiff refused to provide Mr. Choi with the requested information concerning her social media.

13. Mr. Choi asked Plaintiff about the type of men that she usually dates. She did not engage him in this topic.

14. Mr. Choi then told Plaintiff the type of women that he likes to date.

15. When Plaintiff tried to redirect Mr. Choi's topics of conversation to work related issues and her duties on the job, Mr. Choi told her that the first two weeks on the job are a **bonding period** for her and him and that he would advise her of her job duties after the **two-week bonding period**.

16. Dong told the Plaintiff not to wear the shirt that she was wearing that day to work again because her shirt "distracted" him.

3

17. Mr. Choi then began rubbing Plaintiff's back. First, he rubbed her upper back. She asked him to stop.

18. Later Mr. Choi began rubbing Plaintiff's lower back just above her buttocks. She asked him to stop. He stopped temporarily and started rubbing her back again. Plaintiff again asked Mr. Choi to stop rubbing her back.

19. Plaintiff was placed at Korens USA Inc. by J&J America, Inc.

20. Plaintiff contacted J&J America, Inc. that same day and complained of Mr. Choi's sexually harassing behavior towards her. J&J America, Inc. contacted Defendant concerning Plaintiff's complaint of sexual harassment.

21. On her next day at work, Min-Seong Heo from Korens USA Inc. approached the Plaintiff and advised her that she was being removed from the office position for which she was hired and placed on the production floor where she was required to lift, push, pull, and move heavy boxes, equipment, etc. The production floor is exposed to the outside elements, and this was the month of December in which it was very cold. Plaintiff was dressed for her office position and not for working on the production floor.

22. Plaintiff was never allowed to return to her office position and was told that she would have to continue working on the production floor.

## COUNT I
## ASSAULT AND BATTERY

23. Plaintiff adopts and realleges the paragraphs 1 - 22 above as if fully set forth

4

in full herein.

24. Defendant is strictly liable for Mr. Choi's conduct as he is a supervisor.

25. Defendant subjected Plaintiff to offensive and unwanted touching.

26. Defendant's conduct offended and embarrassed Plaintiff.

27. Mr. Choi's actions toward the Plaintiff were taken while acting in his role of employment with Defendant.

28. Defendant is strictly liable for the conduct of Mr. Choi.

29. Defendant injured Plaintiff.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests entry of a judgment against Defendant pursuant to an order awarding:

a. Compensatory damages to be determined by the trier of fact;

b. Punitive damages to be determined by the trier of fact;

c. Injunctive relief;

d. That relief which is fair, just and equitable under the circumstances of the case; and

e. The costs of this suit.

COUNT II
SEXUAL HARASSMENT
Title VII of the Civil Rights Act of 1964

30. Plaintiff adopts and realleges paragraphs 1 - 29 above as if fully set forth in full herein.

5

31. Defendant, through strict liability, subjected Plaintiff to offensive and unwanted conduct based on her gender, female.

32. The conduct to which Defendant subjected the Plaintiff to was severe.

33. The conduct to which Defendant subjected the Plaintiff to was pervasive.

34. The conduct to which Defendant subjected the Plaintiff to affected and altered Plaintiff's work environment.

35. Defendant subjected Plaintiff to adverse treatment after she reported the sexual harassment to Human Resources and Management.

36. Defendant created a hostile work environment for Plaintiff.

37. Defendant injured Plaintiff by subjecting her to sexually harassing conduct.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests entry of an order against Defendant awarding:

a. Compensatory damages;

b. Punitive damages;

c. Injunctive relief;

d. That relief which is fair, just and equitable;

e. Costs of this case, including reasonable attorney's fees.

## COUNT III
## RETALIATION
## Title VII of the Civil Rights Act of 1964

38. Plaintiff adopts and incorporates the facts set out in paragraphs 1 – 37

6

above as if fully set forth in full herein.

39. Plaintiff engaged in activity protected by Title VII of the Civil Rights Act of 1964, as amended, by opposing and complaining about conduct made unlawful under Title VII.

40. After Plaintiff engaged in protected activity, Defendant subjected her to adverse treatment.

41. Defendant subjected Plaintiff to adverse treatment because she engaged in protected activity.

42. Defendant moved Plaintiff to the production floor in an act of retaliation after she complained of Mr. Choi's sexually harassing behavior towards her.

43. Defendant's retaliatory conduct injured Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests entry of an order against Defendant awarding:

a. Compensatory damages;

b. Punitive damages;

c. That relief which is fair, just and equitable;

d. Costs, including reasonable attorney's fees.

Respectfully submitted on: January 7, 2025

By:

<u>/s/ Ramon Martin</u>
Ramon Martin (ASB-1597-X69W)
*Attorney for Plaintiff*

**<u>Of Counsel</u>**:

The Justice Law Firm, LLC
505 20th Street N.
Suite 1220-1157
Birmingham, AL 35203
T: 205-983-2017
E: <u>Ramon.Martin@LegalJusticeMatters.com</u>